```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )
          v.                  )    CRIMINAL ACTION
                              )    98-10168-PBS
BENJAMIN LEWIS,               )
          Defendant.          )
```

MEMORANDUM AND ORDER

Defendant Benjamin Lewis ("Defendant"), appearing pro se, moves by applications dated October 18, 2010 and April 19, 2012, for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, Defendant's motions are denied.

BACKGROUND

Defendant was charged with Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). See Docket. Defendant's trial lasted from November 9, 1998 to November 16, 1998. Id. At its conclusion, the jury found Defendant guilty of being a felon-in-possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Id.

The Pre-Sentence Report ("PSR") applied a base offense level of 24 under U.S.S.G. § 2k2.1(a)(2) based on the defendant having "at least two prior felony convictions of either a crime of violence or a controlled substance offense." PSR, § 23, at 4. The PSR then applied a 4 level increase in the base offense level under U.S.S.G. § 2k2.1(b)(5) because the defendant used or possessed any firearm or ammunition in connection with another

felony offense.[1]  See PSR § 24, at 4.  Specifically, four levels were added for Lewis' use of a firearm "to fire three shots into the exterior of Susan Vance's residence."  See PSR § 25, at 4.

The PSR did not apply the cross reference to the aggravated assault guideline, U.S.S.G. § 2A2.2 because it would have resulted in a lower offense level than 2K2.1.  See PSR ¶ 32, at 4-5.

After calculating an adjusted offense level of 28, see PSR § 29, at 4, the PSR applied the armed career criminal provisions in U.S.S.G. § 4B1.4(b)(3)A) and calculated an offense level of 34 because the defendant was convicted of a violation of 18 U.S.C. § 922(g) and he had at least three prior convictions for a violent felony and/or serious drug offenses.  PSR ¶¶ 33, 34 at 5.  This determination adversely impacted the defendant's offense level and criminal history score.  The PSR lists the defendant's criminal history category as VI, based on 17 criminal history points.  See PSR ¶ 45, at 11. Based upon an offense level of 34 and a criminal history category of VI, the guideline imprisonment range was 262 to 327 months.  See PSR ¶ 92, at 22.  The Court departed downward pursuant to U.S.S.G. ¶ 5K2.10 (a mitigating

---

[1] Application Note 4 to U.S.S.G. § 2K2.1 states that a felony offense "as used in subsection (b)(5),  means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, **whether or not a criminal charge was brought, or conviction obtained**." (emphasis added).

circumstance) and imposed a sentence of 216 months.  See Docket No. 73, Sentencing Memorandum.

Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit.  See Lewis v. United States, No. 99-1298 (1st Cir. Nov. 6, 2000).  In affirming the conviction and sentence, the appeals court recognized that Susan Vance's testimony was not critical because "other witnesses had unequivocally identified the appellant as the person who fired shots into the apartment house."  Id.

Defendant made an unsuccessful challenge to his conviction pursuant to 28 U.S.C. § 2255 on other grounds.  See Lewis v. United States, C.A. No. 01-11949-PBS (denied by Order dated Mar. 26, 2002).

In the Spring of 2010, Defendant, proceeding pro se, filed a motion, styled:

> Title 18 U.S.C. § 3582(c)(2) Motion Concerning U.S.S. Guideline Amendment 599 Improper Enhancement.  Movant also States Title 18 U.S.C. § 3553(a) 1-7 Factors and U.S.S. Guideline § 1B1.11(a)."

See Def. Mot., Docket No. 95.  Because it was unclear whether the Government had been served, the Clerk served the motion on the Office of the United States Attorney.  See 9/29/10 Electronic Order.

The Government filed an Opposition on October 18, 2010.  See Docket No. 98.  On April 19, 2012, Defendant filed a second motion presenting the same arguments as presented in his 2010

motion and styled "Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence."  See Docket No. 99.[2]

The Court has reviewed the parties submissions and the applicable law.  For the reasons that follow, Defendant's motions are DENIED.

## DISCUSSION

As best can be gleaned from the pro se pleadings, Defendant seeks to have this Court revisit the factors set forth in 18 § 3553(a) because he believes the four-level increase in the base offense level was not warranted.  Defendant's 2010 Motion references U.S.S.G. § 1B1.11(a), which is the policy statement directing the Court to use the Guidelines Manual in effect on the date that the defendant is sentenced.[3]  See U.S.S.G. § 1B1.11(a).

Section 3582(c)(2) allows the Court to reduce a defendant's sentence if it was based on a sentencing range which was subsequently lowered by an amendment to the United States Sentencing Guidelines ("U.S.S.G.") and if that reduction would be consistent with the policy set forth in the U.S.S.G. See 18 U.S.C. § 3582(c)(2).

---

[2] Although the 2012 motion does not appear to have been served on the Government, the Court will not delay disposition to have this duplicative motion served.

[3] An exception, not applicable here, arises where the guideline in effect at sentencing would violation the ex post facto clause of the United States Constitution, in which even the court would use the guideline version in effect at the date of the offense of conviction.  See U.S.S.G. § 1B1.11(b)(1).

1.   <u>Amendment 599</u>

Defendant argues that Amendment 599 of the U.S.S.G., when applied retroactively to his sentence, requires that he be re-sentenced because he was given a four-level enhancement pursuant to U.S.S.G. § 2k2.1(b)(5).  However, as noted by the Government, Amendment 599 is not applicable to Lewis.  "Amendment 599's purpose, broadly stated, is to eliminate duplicative sentences for essentially the same offense."  <u>United States v. Hickey</u>, 280, F.3d 65, 65 (1st Cir. 2002).  Amendment 599 "was enacted to clarify under what circumstances a weapons enhancement may be applied to an underlying offense when the defendant has also received an 18 U.S.C. **§ 924(c)** conviction, which provides separate punishment for the use or possession of a firearm in a violent crime." <u>United States v. Pringle</u>, 350 F.3d 1172, 1176 (11th Cir. 2003) (emphasis added).

Here, Defendant was convicted of possession of ammunition after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), not possession or use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  Defendant's base level offense was determined pursuant to U.S.S.G. § 2k2.1(a)(2)[4] and not U.S.S.G. § 2k2.4.

---

[4]The base level offense was based on the defendant having "at least two prior felony convictions of either a crime of violence or a controlled substance offense." <u>See</u> U.S.S.G. § 2k2.1(a)(2).

Defendant's sentence was not based on double counting for the same conduct and Amendment 599 has no bearing on application of Defendant's guideline sentence.

2. <u>Sufficiency of Evidence</u>

Defendant argues that the Court "erroneously imposed [§2K2.1(b)(5)] enhancement based on insufficient evidence that [he] intended to use the weapon in connection with a specifically contemplated felony." <u>See</u> Pet. Mot., p. 2, Docket No. 95. He complains that the evidence was "insufficient to prove that [he] had reason to know that he would use a gun to commit a felony, much less to show actual intent or knowledge that a felony would be committed." <u>Id.</u> at p. 3.

The sentencing factors affecting a judge's discretion within a statutorily prescribed range may be proved to a judge at sentencing by a preponderance of the evidence. <u>United States v. Leahy</u>, 668 F.3d 18, 22 (1st Cir. 2012)(citing <u>United States v. O'Brien</u>, 560 U.S. —, 130 S.Ct. 2169, 2174–75, 176 L.Ed.2d 979 (2010); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

In essence, Defendant challenges the four level enhancement for possession of the ammunition "in connection with another felony offense." <u>See</u> PSR, ¶ 25, at 4. Four levels were added to the base level offense because, in addition to his unlawful possession of ammunition, Lewis used a firearm "to fire three

shots into the exterior of Susan Vance's residence." See PSR § 25, at 4.

The Government responds and states that Lewis was charged in state court with possession of a firearm, possession of ammunition and assault with a dangerous weapon; and that the possession of a firearm and the assault with a dangerous weapon are felonies under Massachusetts law. See Gov't Opp., Docket No. 98. The Government argues that the enhancement was correctly applied and also notes: "[a]t this date, some twelve years after the pre-sentence report was completed, that contention was waived and cannot be addressed at this time pursuant to a motion under 18 U.S.C. § 3585(c)(2). Id. at n. 2.

The Court agrees with the Government that Amendment 599 is not applicable and Defendant cannot make this challenge pursuant to Section 3585(c)(2). The Court does note, however, that in affirming Defendant's sentence, the First Circuit recognized that "witnesses had unequivocally identified the appellant as the person who fired shots in the apartment house." Lewis v. United States, No. 99-1298 (1st Cir. Nov. 6, 2000).

Finally, as noted by the Government, even if these four points were incorrectly assessed, Defendant reached an offense level of 34 because of the armed career criminal calculation.

## ORDER

Based upon the foregoing, it is hereby ORDERED that

Defendant's Motions (Nos. 95, 99) are DENIED.

SO ORDERED.

March 8, 2013                  /s/ Patti B. Saris
DATE                           PATTI B. SARIS
                               UNITED STATES DISTRICT JUDGE